# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **CAROLYN S. STORY, INC.,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 4:07-CV-54 (HL) |
| **ACCOUNTING SOLUTIONS HOLDING COMPANY, INC., ACCOUNTING PRINCIPALS, INC., and MPS GROUP, INC.,** | : |
| Defendants. | : |

# ORDER

This case was removed from the Superior Court of Muscogee County, Georgia, on March 13, 2006. Defendants allege diversity jurisdiction as the basis for removal. Consistent with the practices of this Court, the Notice of Removal and Complaint were subjected to an initial review. Following review, the Court finds Defendants' allegations are insufficient to establish federal diversity jurisdiction.

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and in which the controversy is between citizens of different states. 28 U.S.C.A. § 1332(a)(1). For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated *and* the state where it has its one principal place of business. 28 U.S.C.A. § 1332(c)(1). Thus, pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state.

Because federal courts are courts of limited jurisdiction, "they have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). In examining the jurisdictional allegations of Defendants' Notice of Removal, along with the Complaint, the Court finds the allegations are not complete. The Complaint fails to identify the complete citizenship of Plaintiff, Carolyn S. Storey, Inc., and Defendants, Accounting Solutions Holding Company, Inc., Accounting Principals, Inc., and MPS Group, Inc. As a result, this Court is unable to ascertain whether complete diversity of citizenship exists.

With respect to citizenship of the parties, the Notice of Removal concludes that "Plaintiff and Defendants are citizens of different states and complete diversity of citizenship exists" (Notice of Removal ¶ 4), but offers little information from which the Court can ascertain the citizenship of the parties, adding only this statement: "Defendant Accounting Solutions Holding Company, Inc. is a Void Delaware Corporation." (Notice of Removal ¶ 4.) Review of Plaintiff's Complaint adds little to the Court's understanding of the citizenship of the parties. The Complaint does not set forth any allegations as to the citizenship of Plaintiff. With respect to Defendant Accounting Solutions Holding Company, Inc., the Complaint states that it is a Delaware Corporation but offers no information as to its principal place of business. With respect to Defendant Accounting Principals, Inc., the Complaint states only that it is a "foreign corporation" but does not identify its state of incorporation or its principal place of business. With respect to Defendant MPS Group, Inc., the Complaint alleges it is a Florida Corporation, but offers no information as to its principal

place of business.

As the parties seeking to remove a case to federal court, Defendants bear the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). Thus, at the time of removal, Defendants must allege those facts essential to show jurisdiction. Id. *See also* McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936). As Defendants' allegations regarding citizenship are insufficient to establish federal diversity jurisdiction, they shall have twenty days, from the entry of this order on the docket, to properly allege diversity jurisdiction. If Defendants fail to do so, the case will be remanded to the Superior Court of Muscogee County for lack of jurisdiction.

**SO ORDERED**, this the 1st day of May, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls