# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **CAROLYN S. STOREY, INC.,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 4:07-cv-54 (HL) |
| **ACCOUNTING SOLUTIONS HOLDING COMPANY, INC., ACCOUNTING PRINCIPALS, INC., and MPS GROUP, INC.,** | : | |
| Defendants. | : | |

# ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 7), and Plaintiff's Motion to Strike Affidavit of Jeffrey P. Watson (Doc. 14), and Motion to Dismiss of Defendant MPS Group, Inc. (Doc. 3). After consideration, and as more fully discussed below, the Court grants the Motion to Remand. The Court need not address the issues raised in the Motion to Strike and that Motion is rendered moot. The Court, having concluded that this matter is not properly in this Court, declines to address the Motion to Dismiss and that Motion shall be terminated in this Court upon remand of this case to the Superior Court of Muscogee County, Georgia.

## Procedural Background

Plaintiff, Carolyn S. Storey, Inc. (hereinafter "Storey"), is a bookkeeping business that used a staffing service to place an employee with its company in

March of 2003. Storey filed a complaint in the Superior Court of Muscogee County, Georgia, on March 1, 2007, alleging that the staffing service failed to do a criminal background check on the employee as promised, that the employee did, in fact, have a criminal history, and that in 2006 she forged checks and converted funds from a client's account.

In the lawsuit, Storey named as a Defendant Accounting Solutions Holding Company, Inc. (hereinafter "Accounting Solutions").  Storey alleged that at the time it placed the employee with Storey, Accounting Solutions was registered to do business in Georgia, but that its certificate of authority to transact business in Georgia was withdrawn effective April 20, 2005.  Storey also named as a Defendant Accounting Principals, Inc. (hereinafter "Accounting Principals") which, according to the allegations in the complaint, purchased Accounting Solutions in October of 2004. Storey named MPS Group, Inc. (hereinafter "MPS Group") as the third Defendant, alleging that Accounting Principals was wholly owned by them.  After all Defendants were served with copies of the complaint, Accounting Principals and MPS Group removed the case from superior court to this Court on the basis of diversity jurisdiction.  Seven days later MPS Group filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 3).

After review of the notice of removal, on May 1, 2007, the Court issued an Order advising the removing Defendants that the allegations contained in the notice of removal were insufficient to establish diversity jurisdiction, and directed the parties

to properly allege diversity jurisdiction. On May 2, 2007, Storey filed a Motion to Remand (Doc. 7), alleging that removal was not proper because the consent of Accounting Solutions to the removal was not obtained. On May 21, 2007, Accounting Principals and MPS Group responded to the Court's jurisdictional Order. Accounting Principals and MPS Group responded to the Motion to Remand on June 5, 2007, arguing that Accounting Solutions was a void corporation and, therefore, no consent to the removal was needed from it. The removing Defendants incorporated their response to the Court's jurisdictional Order into the response to the Motion to Remand. In support of its position, the removing Defendants also included the affidavit of Jeffrey P. Watson. After receiving the response to its Motion to Remand, Storey filed a Motion to Strike Watson's Affidavit (Doc. 14).

All of the Motions have now been fully briefed and are ready for a ruling. However, because the Motion to Remand calls into question the propriety of continuing this case in this Court, the Court will address it first.

## **Conclusions of Law**

The authority for removing an action originally brought in a state court to a federal court is set forth at 28 U.S.C.A. § 1441. The procedure for removal is set forth at 28 U.S.C.A. § 1446, which states, in part, as follows:

> A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders

3

served upon such defendant or defendants in such action.

28 U.S.C.A. § 1446(a) (West 2006). In those situations in which there is more than one defendant and at least one of the defendants desires to remove the case pursuant to §§ 1441 and 1446, the federal courts have construed § 1446(a) to require that all defendants consent to removal. *See, e.g.,* Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001), and cases cited therein. The Eleventh Circuit, in Russell, held that the "unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." Id. at 1049. A motion to remand based on the unanimity requirement, is a challenge based on a defect in the removal process, as provided for in 28 U.S.C.A. § 1447(c). Id. at 1044.

Although the unanimity requirement is generally enforced by the courts, there are some recognized exceptions. For example, defendants not served with state court process need not join in the notice. P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546, 547-48 (7th Cir. 1968). Courts have also held that nominal defendants–those whose roles are limited to that of stakeholder or depositary–need not join in the notice. Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986). However, this case does not fall into one of the recognized exceptions to the rule of unanimity. Rather, the removing Defendants argue that Accounting Solutions, as a void corporation, could not act to join in the removal notice. In order to address Defendants' argument, therefore, this Court must

4

determine whether Accounting Solutions' status as a void corporation causes it to fall within an exception to the rule of unanimity.

All parties agree that Accounting Solutions was at one time a corporation organized and existing pursuant to the laws Delaware. The parties also agree that on April 20, 2005, Accounting Solutions withdrew its certificate to conduct business in Georgia. According to the removing Defendants, on October 12, 2004, Accounting Principals "purchased substantially all of the assets and the name of [Accounting Solutions]. " (Resp. to Court Order at 3.) Storey does not take issue with this assertion. The removing Defendants argue, however, that Accounting Solutions "no longer *de facto* exists and thus at the time of removal it was and remains impossible for [Accounting Principals and MPS Group] to obtain its consent." (Resp. Mot. Remand at 2.) It is this assertion with which Storey takes issue.

Both parties agree that Accounting Solutions is a "void" corporation, but they disagree as to the effect that status has on the right of the other Defendants to remove without obtaining Accounting Solutions' consent. Information generated by the removing Defendants using the Delaware Secretary of State website (the same website used by Storey to support its arguments in support of remand) on April 3, 2007, shows Accounting Solutions' status as "void" as of March 1, 2007, and delinquent in taxes. Storey maintains that the Delaware Secretary of State automatically placed Accounting Solutions in void status due to its failure to pay

5

required franchise taxes. (Reply Br. Mot. Remand at 4.) Storey nevertheless contends that despite its void status, Accounting Solutions still exists as a corporate body, such that it should be required to join in the removal. (Reply Br. Mot. Remand at 4.) The Court agrees.

Chapter 5 of Title 8 of the Delaware Code addresses the effect on a corporation of its failure to pay the state any franchise tax or other tax that has been assessed against it or that it is otherwise required to pay. Under this provision, the failure to pay the tax causes the charter of the corporation to be void. Del. Code Ann. tit. 8, § 510 (West 2008). The Code provision further provides that on or before November 30 in each year, the Secretary of State is to notify each corporation of its delinquent taxes and is also required to notify the corporation "that the charter of the corporation shall become void unless such taxes are paid and such complete annual franchise tax report is filed on or before March 1 of the following year." Id.

As the foregoing suggests, a corporation that simply ceased operations prior to 2007, as the removing Defendants allege was the case with Accounting Solutions, might not have become a void corporation, as such corporation is defined by the State of Delaware, until March 1, 2007. Thus, even though the corporation may have ceased its activities prior to 2007, it might still show as a corporation in good standing as late as February 28, 2007, the date on which Storey conducted its search of the Secretary of State website. Furthermore, even though it was void, it was still a corporation subject to suit.

Chapter 1, of Title 8 of the Delaware Code expressly provides for the continuation of corporations after dissolution for certain purposes. Specifically, that Code section states: "All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution . . . ." Del. Code Ann. tit. 8, § 278 (West 2008). Section 278 expressly provides for the continuation of the corporation "for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them." Id.

Delaware case law suggests that § 278 applies to void corporations. In Sanders v. Vari, 143 A.2d 275, 276 (Del. Ch. 1958), the Court of Chancery applied § 278 to a corporation declared void for non-payment of franchises taxes. More recently, although not expressly citing to § 278, the Court of Chancery concluded that the general rule which authorizes dissolved corporations to close their affairs, applies to void corporations. First State Staffing Plus, Inc. v. Montgomery Mut. Ins. Co., No. Civ. A. 2100-S, 2005 WL 2173993, at *7 (Del. Ch. Sept. 6, 2005) (unpublished op.). Additionally, the Court of Chancery has held that a corporation whose charter is void because of failure to pay franchises is "dissolved" for purposes of Del. Code Ann. tit. 8, § 279, which authorizes the appointment of receivers for dissolved corporations. Wuerfel v. F.H. Smith Co., 13 A.2d 601, 602 (Del. Ch. 1940).

Applying the foregoing to this case, it appears that, although Accounting

Chapter 1, of Title 8 of the Delaware Code expressly provides for the continuation of corporations after dissolution for certain purposes. Specifically, that Code section states: "All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution . . . ." Del. Code Ann. tit. 8, § 278 (West 2008). Section 278 expressly provides for the continuation of the corporation "for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them." Id.

Delaware case law suggests that § 278 applies to void corporations. In Sanders v. Vari, 143 A.2d 275, 276 (Del. Ch. 1958), the Court of Chancery applied § 278 to a corporation declared void for non-payment of franchises taxes. More recently, although not expressly citing to § 278, the Court of Chancery concluded that the general rule which authorizes dissolved corporations to close their affairs, applies to void corporations. First State Staffing Plus, Inc. v. Montgomery Mut. Ins. Co., No. Civ. A. 2100-S, 2005 WL 2173993, at *7 (Del. Ch. Sept. 6, 2005) (unpublished op.). Additionally, the Court of Chancery has held that a corporation whose charter is void because of failure to pay franchises is "dissolved" for purposes of Del. Code Ann. tit. 8, § 279, which authorizes the appointment of receivers for dissolved corporations. Wuerfel v. F.H. Smith Co., 13 A.2d 601, 602 (Del. Ch. 1940).

Applying the foregoing to this case, it appears that, although Accounting

Solutions was a void corporation, it did not obtain void status until March 1, 2007.[1]
Moreover, even though it obtained void status, the corporation was continued by operation of Delaware law for the purposes of winding up its business. Thus, although it was not authorized to operate for the purpose for which it was organized as a corporation, it was still a corporation for purposes of defending a lawsuit. Furthermore, Delaware law specifically provided a means by which the removing Defendants could have moved for the appointment of persons to act on behalf of Accounting Solutions. *See* Del. Code Ann. tit. 8, § 279 (West 2008). Therefore, the Court finds that Accounting Solutions' consent was required for removal. In the Court's view, any other result would unfairly allow corporations to escape their corporate obligations simply by failing to pay their franchise taxes.

## **Conclusion**

In view of the foregoing, the Court finds that Accounting Solutions' status was such that it could join in the notice of removal and the removing Defendants' failure to obtain unanimous consent to join in removal was a fatal defect which requires that this matter be remanded to the Superior Court of Muscogee County. *See* Russell Corp., 264 F.3d at 1049 (affirming remand by district court because defendants

---

[1] The removing Defendants have repeatedly asserted that Accounting Solutions is a void corporation but have not offered any evidence as to when it became void. They only offer the date on which Accounting Solutions was sold, the date on which it withdrew its certificate to do business in Georgia, and assert that Accounting Solutions ceased to conduct business prior to 2007. In the absence of any evidence to the contrary, the Court accepts March 1, 2007, as the date on which Accounting Solutions became a void Delaware corporation.

8

failed to comply with the unanimity requirement and noting that requirement must be strictly interpreted and enforced).  Because the removal was defective, this case is not properly in this Court and, therefore, the Court will not address the merits of Defendant MPS Group's Motion to Dismiss.  The matters presented in the affidavit of Jeffrey P. Watson were not deemed by the Court to be relevant to its determination as to whether removal was proper.  Therefore, the Court need not rule on Plaintiff's Motion to Strike, and that Motion is rendered moot.  The Clerk is directed to remand this matter to the Superior Court of Muscogee County, Georgia.

      **SO ORDERED**, this the 18th day of March, 2008.

                                        *s/   Hugh Lawson*
                                        **HUGH LAWSON, JUDGE**

mls