# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **CAROLYN S. STOREY, INC.,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 4:07-cv-54 (HL) |
| **ACCOUNTING SOLUTIONS HOLDING COMPANY, INC., ACCOUNTING PRINCIPALS, INC., and MPS GROUP, INC.,** | : |
| Defendants. | : |

## ORDER

This matter is before the Court on Plaintiff's Motion for Costs and Expenses (Doc. 26), brought pursuant to 28 U.S.C. § 1447(c). After consideration of the parties' briefs, and as more fully discussed below, the Court denies the Motion.

By Order entered March 18, 2008, this Court granted Plaintiff's Motion to Remand this matter to the Superior Court of Muscogee County, Georgia. Plaintiff's Motion specifically requested an award of costs and expenses, including attorney's fees, but did not otherwise expound on the issue. (Mot. Remand at 2, 3.) However, the Court's order did not address costs and attorney's fees. Thereafter, on June 3, 2008, Plaintiff filed the Motion for Costs and Expenses at issue here, in which it seeks $5020.00 in attorney's fees for having to move for the remand of this case to the Superior Court. The Court finds that the Motion is timely and, therefore, will address the merits of the Motion.

The removal procedures set forth in the United States Code provide for recovery of attorney's fees to the successful plaintiff on a motion to remand, stating: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c) (West 2006). Before 2005, the circuit courts were in conflict as to when attorney's fees should be awarded under this provision. In 2005, the Supreme Court of the United States resolved the conflict and held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005). The Court explained its decision as follows:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. at 140, 126 S. Ct. at 711.

Here, there is nothing in the record to suggest that removal was sought for the purpose of prolonging litigation or to increase the costs of Plaintiff's litigation. Thus, there is no basis for awarding fees as a deterrent to unnecessary removals. An award of attorney's fees hinges, therefore, on whether Defendants' decision to remove was objectively reasonable. The Court finds that in view of the unique factual circumstances, coupled with the 30-day period within which Defendants were required to act, the decision to remove was objectively reasonable.

Plaintiff named three Defendants when she filed her suit in the Superior Court of Muscogee County: Accounting Solutions Holding Company, Inc., Accounting Principals, Inc., and MPS Group, Inc. Two of the three Defendants, Accounting Principles, Inc. and MPS Group, Inc., removed the case from the state court to this Court. In their Notice of Removal, Defendants specifically noted that the third Defendant, Accounting Solutions Holding Company, Inc., is a void Delaware corporation, presumably to explain Accounting Solutions' failure to join in the removal. Defendants otherwise satisfied the requirements for diversity jurisdiction under the removal provisions.

After Plaintiff moved to remand the case, Defendants argued that the general rule as to unanimity of consent to removal did not apply in this case because Accounting Solutions Holding Co. was not in existence at the time of removal and it was impossible for the other Defendants to obtain consent. Defendants offered sworn declaration testimony showing that they investigated the status of Accounting Solutions Holding Co. but determined that there was no one who could act on behalf of the company and who could give consent to the removal. The Court gives no weight to this testimony, however, because It is not clear from the declaration or the response to the motion to remand when this investigation was undertaken, and whether it was done before the case was removed to this Court.

The Court does, however, give weight to Defendants' argument that the existence of Delaware's receivership law, which the Court found provided a means by which the consent of the third Defendant could have been obtained, did not make Defendants'

decision to remove objectively unreasonable. The Court determined that because there was a means by which the Defendants could have obtained the consent of the third Defendant, removal was not proper. It does not follow from that determination, however, that the decision to remove was necessarily unreasonable. As Defendants noted, they had a thirty-day window for removal, and moved for removal during that period based on the belief that, as a void corporation, no consent to the removal could be obtained from Accounting Solutions Holding Company.

The Court acknowledges that the process of appointing a receiver for the purpose of obtaining a void corporation's consent to the removal is certainly not common and, had Defendants been aware of it as an option, it would have been an extremely difficult task to undertake within the thirty days for removal provided by 28 U.S.C.A. § 1446(b). Thus, the decision of Defendants to remove without the consent of Accounting Solutions Holding Company, based solely on their knowledge of it as a void corporation, and, instead, to seek an exception to the rule of unanimity, was objectively reasonable, even if erroneous. Having concluded that Defendants had an objectively reasonable basis for removal, Plaintiff's Motion for Costs and Expenses is hereby denied.

**SO ORDERED**, this the 10th day of November, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls